**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

CAROLYN LOVE, KIERRA LEE,
and JANEEN LACEY, individually and on behalf
of themselves and other similarly situated
current and former employees,

            Plaintiffs,

      v.                           No. 17 CV 02572 (JPM) (DKV)
                                   **FLSA Opt-In Collective Action**

CAMBRIDGE FRANCHISE HOLDINGS, LLC,
a Delaware Limited Liability Company, and
MIRABILE INVESTMENT CORPORATION,
a Tennessee Corporation,

            Defendants.

---

DOROTHY McGEE and MARKEGIOUS POLK,
individually and on behalf of themselves and other
similarly situated current and former employees,

            Plaintiffs,

      v.                           No. 17 CV 02884 (JPM) (DKV)
                                   **FLSA Opt-In Collective Action**

CAMBRIDGE FRANCHISE HOLDINGS, LLC,
a Delaware Limited Liability Company and
MIRABILE INVESTMENT CORPORATION,
a Tennessee Corporation,

            Defendants.

---

MARNITA A. VAUGHN and ADDIE R. TURNER,
individually and on behalf of themselves and other
similarly situated current and former employees,

            Plaintiffs,

      v.                           No. 17 CV 02583 (JPM) (DKV)
                                **FLSA Opt-In Collective Action**

CAMBRIDGE FRANCHISE HOLDINGS, LLC,
a Delaware Limited Liability Company
and MIRABILE INVESTMENT CORPORATION,
a Tennessee Corporation,

            Defendants.

---

## JOINT MOTION TO APPROVE CLASS SETTLEMENT

The undersigned counsel for the Named Plaintiffs, individually and on behalf of the opt-in Plaintiffs who have joined or will join the three above-captioned actions (collectively, "Plaintiffs") and defendants Cambridge Franchise Holdings, LLC and Mirabile Investment Corporation (collectively, "Defendants") have reached a proposed settlement of Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") to obtain unpaid compensation.

Defendants are Burger King franchisees that own and operate approximately 120 Burger King Restaurants in approximately ten states throughout the Southeast. Plaintiffs are current or former General Managers, Assistant Managers, and Shift Managers at one or more of Defendants' Burger King Restaurants during the Class Period (as defined below).

The Parties respectfully request that the Court approve their proposed settlement because it was reached as a result of contested litigation, and is a fair and reasonable resolution of a *bona fide* dispute between the Parties.

Additionally, Plaintiffs and Defendants have reached an agreement as to an amount of Plaintiffs' attorneys' fees and costs.

## BACKGROUND

### A. Factual Background

These three actions involve allegations that Defendants violated provisions of the FLSA by (1) requiring or allowing non-exempt hourly Assistant Managers (*Love v. Cambridge Franchise Holdings, LLC* ("*Love*")), General Managers (*Vaughn v. Cambridge Franchise Holdings, LLC* ("*Vaughan*")), and Shift Managers (*McGee v. Cambridge Franchise Holdings, LLC* ("*McGee*")), during the period they were paid hourly and classified as non-exempt employees, to work off the clock, and (2) misclassifying Assistant Managers (*Love*) as exempt employees and therefore failing to pay them overtime compensation.    Plaintiffs claim they are entitled to unpaid compensation during this period and they sought to certify three separate classes of purportedly similarly-situated employees at all of Defendants' Burger King Restaurants located in the Southeast.    *Vaughan* includes three Named Plaintiffs and nine opt-in plaintiffs.    *Love* includes three Named Plaintiffs and eight opt-in plaintiffs.    *McGee* includes two Named Plaintiffs and six opt-in plaintiffs.

Defendants vigorously dispute Plaintiffs' allegations.    Defendants assert that at all relevant times they maintained strict policies prohibiting employees from working off the clock, and these policies were adhered to, with the result that employees were not asked to work off the clock and did not do so.    Defendants further assert that Plaintiffs were paid for all overtime they worked.    Defendants further assert that their Assistant Managers performed managerial tasks, fell squarely within the executive exemption of the FLSA, and therefore were not misclassified as exempt employees.

### B. Procedural History

The *Love* and *Vaughn* actions were commenced in this Court on August 9 and 12, 2017.  The *McGee* action was commenced in this Court on December 8, 2017.  On December 22, 2017, Defendants filed motions to dismiss the *Love* and *Vaughn* actions, based on Plaintiffs' failure to state a claim for relief.  On January 11, 2018, Plaintiffs filed First Amended Complaints in *Love* and *Vaughan* that withdrew their claims against defendant Garnett Station Partners, LLC and all of the individual defendants.

On January 18, 2018, the Court conducted a status conference and directed Plaintiffs to further amend their pleadings.  On January 26, 2018, Plaintiffs filed Second Amended Complaints in *Love* and *Vaughn*.  Three days later, on January 29, 2018, Plaintiffs filed a First Amended Complaint in *McGee*.  On February 9, 2018, Plaintiffs filed Motions for Conditional Certification in all three actions.  On February 26, 2018, the Parties were granted extensions of most of the pending deadlines in all three actions, to enable them to pursue resolution of their dispute in mediation.  On March 2, 2018, the Parties were granted an extension of the protective order deadline but ordered to exchange initial disclosures by March 22, 2018.  The Court's Order concerning initial disclosures was made to facilitate the Parties' discussions before and during the mediation.

Mediation before an experienced third-party neutral took place on April 13, 2018, which it resulted in the Parties' proposed settlement, which is submitted to the Court on the instant Joint Motion for Settlement Approval.

## **ARGUMENT**

### I.     **The Court Should Approve the Parties' Proposed Settlement**

The Parties have reached a proposed settlement that fairly and reasonably resolves their contested claims and defenses. Accordingly, the Court should approve the settlement.

## A. The Standard for Approval of Settlements of FLSA Collective Actions

The FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Cooper v. Winking Lizard, Inc.,* Case No. 1:16CV1513, 2017 WL 4465759, at *2 (N.D. Ohio Oct. 4, 2017). The first exception, not applicable here, involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) (2018). *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

The second exception, applicable here, encompasses instances in which federal district judges approve the settlement of suits filed in their courts pursuant to Section 16(b) of the FLSA. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353. The proper procedure under the second exception is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Hamm v. Southern Ohio Med. Center*, Case No. 1:16-cv-935, 2017 WL 5514526, at *1 (S.D. Ohio Nov. 16, 2017); *Doe 1-2 v. Deja Vu Servs., Inc.*, Case No. 2:16-cv-10877, 2017 WL 2629101, at *8 (E.D. Mich. June 19, 2017). As recently noted by the United States District Court for the Eastern District of Tennessee, the second FLSA exception "strikes the proper balance between the need for efficient resolution of labor disputes and the FLSA's goal of equalizing the parties'

bargaining power." *Hajiani v. ESHA, Inc.*, No. 3:14-CV-594-TAV-HBG, 2017 WL 5163354, at *7 (E.D. Tenn. Nov. 7, 2017).

When reviewing a proposed settlement of a private FLSA claim under the second exception a federal district court should engage in a two-prong analysis. A court should approve an FLSA collective action settlement if (1) it was reached as a result of contested litigation, and (2) it is a fair and reasonable resolution of a *bona fide* dispute between the parties. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353. *Accord Osman v. Grube, Inc.*, Case No. 3:16-cv-00802-JJH, 2018 WL 2095172, at *1 (N.D. Ohio May 4, 2018); *Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13-2875, 2015 WL 5008220, at *1 (W.D. Tenn. 2015) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA."); *Wills v. Cellular Sales of Tenn., LLC*, No. 12-391, 2014 WL 8251539, at *1 (E.D. Tenn. Aug. 18, 2014).

Further, a court handling an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (2018).

**B. The Parties' Proposed Settlement is the Product of Contested Litigation**

There is no doubt that the first prong of the standard for approving an FLSA settlement is met here: the proposed settlement is the product of contested litigation. In *Osman*, *supra*, the court noted that the "'contested' litigation prong is easily satisfied" because defendants had filed a partial motion to dismiss and plaintiffs had filed a motion for step-one notice of the collective action. 2018 WL 2095172 at *1. Here, where Defendants filed motions to dismiss in both *Love* and *Vaughn*, Plaintiffs

filed motions for conditional certification in all three actions, and Defendants fully intended to oppose the latter motions, the Court should similarly conclude that the proposed settlement is the product of contested litigation.

## C.  The Proposed Settlement is a Fair and Reasonable Resolution of a *Bona Fide* Dispute

The second prong of the standard for approving an FLSA settlement also is met here:   the settlement is a fair and reasonable resolution of a *bona fide* dispute between the Parties.  The existence of a *bona fide* dispute in an FLSA action serves to guarantee that the parties have not manipulated the settlement process to permit an employer to avoid its statutory obligations.  *Cooper v. Winking Lizard, Inc.,* Case No. 1:16CV1513, 2017 WL 4465759, at *2 (N.D. Ohio Oct. 4, 2017).  *Accord Ochs v. Modern Design, Inc*., No. 14-635, 2014 WL 4983674, at *2 (N.D. Ohio Oct. 6, 2014); *Rotuna v. West Customer Mgt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010).

A *bona fide dispute* exists in these three actions.  Plaintiffs asserted (and continue to assert) that their claims under the FLSA are meritorious.  Defendants asserted (and continue to assert) that they had reasonable grounds to believe they complied with the FLSA at all relevant times.  Defendants also asserted (and continue to assert) that they acted in good faith and did not violate the FLSA – wilfully or otherwise – at any relevant time.

While each Party firmly believe in the merits of its respective claims and defenses, they agree that a compromise is appropriate at this stage of the litigation, given the time, expense, and uncertainty associated with full-blown litigation,

certification motion practice, dispositive motion practice, trial, and appeal. The Parties desire to resolve these actions via a negotiated settlement, pursuant to which Defendants will pay a specific sum in exchange for the release of claims by Plaintiffs. That sum reflects a reasonable compromise of disputed claims. *See Lynn's Food Stores, Inc.*, *supra*, 679 F.2d at 1354 ("Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

The Parties' proposed settlement also satisfies the requirement that it be fair and reasonable. The Sixth Circuit has directed that a federal district court should consider some combination of the following factors in determining whether the settlement of an FLSA claim is fair and reasonable: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of counsel and representatives; and (6) public interest in the settlement. *See UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007); *Hamm v. Southern Ohio Med. Center*, Case No. 1:16-cv-935, 2017 WL 5514526, at *2 (S.D. Ohio Nov. 16, 2017).

A district court is not required to consider all of the foregoing factors. It may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case. *Hamm*, *supra*, 2017 WL 5514526, at *2; *Gentrup v. Renovo Servs*. LLC, No. 1:07-cv-430, 2011 WL 2532922, at *2-3 (S.D. Ohio June 24, 2011).

In the instant matters, most or all of the six factors identified by the Sixth Circuit are satisfied.  First, the proposed settlement is not the product of fraud or collusion.  The settlement of these three FLSA actions was reached following mediation and arms-lengths negotiations between the Parties, through their experienced counsel.  In turn, the mediation took place after the filing of motions to dismiss, multiple amendments of the complaints, and an exchange of initial disclosures.  This level of litigation activity militates in favor of a conclusion that the settlement is fair and reasonable.  *See Osman v. Grube, Inc.*, Case No. 3:16-cv-00802-JJH, 2018 WL 2095172, at *1 (N.D. Ohio May 4, 2018) ("The duration and complexity of the [FLSA] litigation undermines any notion that the settlement is a product of collusion. . . . "); *Schneider v. Goodyear Tire & Rubber Co.*, No. 13-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2014) (court examines risk of fraud or collusion between the parties in determining whether to approve an FLSA settlement and concludes that because they had engaged in court-supervised negotiations, there was no such risk).

Second, the complexity, expense, and likely duration of the litigation – absent a settlement – weighs heavily in favor of finding that the proposed settlement is fair and reasonable.  If the three actions had not settled, the Parties would have devoted significant time and resources to completing written discovery and depositions, including depositions of the Named Plaintiffs, various opt-in Plaintiffs, and Defendants' upper management.  The Parties also would have devoted significant time and resources to motion practice, including both discovery and dispositive motions.  Following resolution of the various motions, the Parties may have confronted the prospect of an expensive and lengthy jury trial or trials, as well as post-trial motions and appeals.  Rather than

proceed down this road, the Parties directed their efforts toward an early, informed, and efficient resolution of Plaintiffs' claims.  While several issues remain unresolved in these actions, preparation for the Parties' mediation enabled counsel to assess the strengths and weaknesses of their respective positions and conclude that settlement is in the Parties' best interests.  The proposed settlement eliminates the inherent risks all parties would bear if these three actions were to continue in litigation.

Third, while the Parties have not commenced formal discovery, they engaged in significant informal investigation.  Defendants, for example, interviewed and obtained sworn statements from 99 managers and employees familiar with Defendants' policies and practices across several states and in dozens of their locations. Plaintiffs' provided Defendants with initial disclosures.  This informal discovery can effectively substitute for formal discovery.  *See*, *e.g*., *Doe 1-2 v. Deja Vu Servs., Inc.*, Case No. 2:16-cv-10877, 2017 WL 2629101, at *8 (E.D. Mich. June 19, 2017) (court approves settlement in FLSA collective and class action after noting that both formal and informal discovery are relevant to determining whether sufficient discovery has occurred).

Fourth, the range of possible recoveries in these actions was highly uncertain.  As noted above, the Parties had widely divergent views regarding both liability and potential damages.  Nevertheless, the proceedings have advanced to a stage sufficient to permit the Parties and their experienced counsel to collect and review relevant evidence, evaluate their claims and defenses, ascertain the scope of potential damages, and engage in settlement negotiations with the mutual understanding that engaging in formal discovery and completing motion practice would be a difficult, costly, time-consuming, and uncertain endeavor.

Fifth, the proposed settlement of these actions is the product of efforts by experienced counsel.  Plaintiffs were represented in the litigation, mediation, and settlement negations by counsel both respected in the community and experienced in handling wage and hour collective actions.  Similarly, Defendants were represented in the litigation, mediation, and settlement negotiations by counsel experienced in handling wage and hour collective actions.  Counsel for the Parties have advised their respective clients regarding the proposed settlement and have recommended approval.  These recommendations are entitled to deference in assessing the fairness of the settlement. *See Lynn's Food Stores, Inc.*, *supra*, 679 F.2d at 1354; *Cooper v. Winking Lizard, Inc.*, Case No. 1:16CV1513, 2017 WL 4465759, at *2 (N.D. Ohio Oct. 4, 2017) (court concludes that settlement of FLSA action was fair and reasonable, in part because "the settlement was the product of arms-length negotiations between parties that were represented by capable and experienced counsel.  Indeed, both Plaintiffs' and Defendants' counsel believe the proposed overall settlement amount is fair and reasonable, which weighs in favor of approv[al]").

Sixth, the public interest is best served by a settlement of these three actions.  The Court can conserve its resources and Plaintiffs can receive a significant payment in highly contested cases.  As the federal district court noted in *Hamm* when it granted the parties' joint motion to approve a settlement in an FLSA action: "Continued litigation would involve considerable expenditures of time and resources of the parties and the Court. . . . As the parties recognize, the Settlement Agreement does not represent a compromise of guaranteed rights but of contested rights."  *Hamm*, *supra*, 2017 WL 5514526, at *2.    *See also Cooper*, *supra*, 2017 WL 4465759, at *2

11

("Moreover, approval of a fair and reasonable agreement promotes the public's interest in encouraging settlement of [FLSA] litigation.").

In these circumstances, the proposed settlement is fair and reasonable, and the Court should approve it. *See Combs v. Twins Group, Inc.*, Case No. 3:16-cv-295, 2017 WL 2985573, at *1 (S.D. Ohio May 10, 2017) (granting Joint Motion for Approval of Settlement in FLSA action, after court finds that "the settlement is a fair and reasonable resolution of a good faith dispute regarding Plaintiff's claims); *Hajiani*, *supra*, 2017 WL 5163354, at *7 ("Federal courts have long approved fair and reasonable settlements of FSLA claims that employer and employee execute after the latter brings suit in federal court.").

## CONCLUSION

For all of the reasons set forth above, the proposed settlement in these three collective actions is the product of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the Parties.  Accordingly, the Court should grant this Joint Motion for Settlement Approval.

Dated:  June 15, 2018

Respectfully submitted,

JACKSON, SHIELDS, YEISER & HOLT

By: /s/ J. Russ Bryant (with permission)
    Gordon E. Jackson (TN Bar #08323)
    James R. Holt, Jr. (TN Bar #012123)
    J. Russ Bryant (TN BPR #033830)
    Paula R. Jackson (TN BPR #020149)
262 German Oak Drive
Memphis, TN 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524

E-mail: gjackson@jsyc.com
jholt@jsyc.com
rbrynat@jsyc.com
pjackson@jsyc.com

Attorneys for Plaintiffs

BAKER, DONELSON, BEARMAN, CALDWELL,
& BERKOWITZ, P.C.


By: /s/ Nicole D. Berkowitz
Edward R. Young (TN BPR #8373)
Nicole D. Berkowitz (TN BPR #35046)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 577-2341
Facsimile: (901) 577-0879
E-mail: eyoung@bakerdonelson.com
nberkowitz@bakerdonelson.com

Attorneys for Defendants
Cambridge Franchise Holdings, LLC and
Mirabile Investment Corporation


*Pro Hac Vice*

PADUANO & WEINTRAUB LLP

Anthony Paduano
Meredith Rosen-Cavallaro
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
Telephone: 9212) 785-9200
Facsimile: (212) 785-9099
E-mail: ap@pwlawyers.com
mc@pwlawyers.com

Attorneys for Defendants
Cambridge Franchise Holdings, LLC and
Mirabile Investment Corporation